JOURNAL ENTRY AND OPINION
{¶ 1} Pernell Gibson appeals from his conviction on one count of aggravated assault and one count of domestic violence following a jury trial. He claims that his domestic violence conviction was against the manifest weight of the evidence and that there was insufficient evidence to support the jury's determination of guilt.
We affirm.
 {¶ 2} The record reveals that Gibson and his son's mother, Tiffany Davis, got into a physical altercation in May 2005, at 13518 Woodworth Avenue in East Cleveland. Earlier in the week Gibson and Davis had purportedly argued during their son's birthday party because Gibson's ex-girlfriend attended the party with some friends. One week later, with tensions allegedly still high following the birthday party, Gibson and Ms. Davis got into a second verbal altercation when a man named "Brass" came to the Woodworth Avenue home to visit with Ms. Davis.
 {¶ 3} Following Brass's departure, Ms. Davis and Gibson began arguing and physically pushed each other. The argument escalated, and, according to Ms. Davis, Gibson choked her, picked her up off of her feet and dropped her. The pair then wrestled to the ground, at which point Gibson hit Ms. Davis three times in the face and broke her nose. Ms. Davis immediately left the house and called the police.
 {¶ 4} The East Cleveland Police arrived at the home and took statements from both parties. The officers then arrested Gibson. Ms. Davis was taken to Huron Hospital and treated for a broken nose.
 {¶ 5} In July 2004, Gibson was indicted on one count of felonious assault, in violation of R.C. 2903.11, and one count of domestic violence, in violation of R.C. 2919.25(A). Following a jury trial in May 2005, Gibson was found guilty of the lesser included offense of Aggravated Assault and guilty on the remaining misdemeanor charge of domestic violence. He was sentenced to one year of community control. Gibson appeals from his conviction and contends:
"I. THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A FINDING BEYOND A REASONABLE DOUBT THAT APPELLANT WAS GUILTY OF DOMESTIC VIOLENCE.
"II. APPELLANT'S CONVICTION FOR DOMESTIC VIOLENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 6} We address both assignments of error together for purpose of appeal. We additionally note that although Gibson was also found guilty on one count of aggravated assault, he does not raise error with regard to this conviction and, therefore, we do not address it in this appeal.
 {¶ 7} Gibson contends, in both assignments of error, that the state failed to provide evidence that he was or has ever been married to Ms. Davis or that they lived together, as required under the Domestic Violence statute, R.C. 2919.25. The statute provides:
"(A) No person shall knowingly cause or attempt to causephysical harm to a family or household member."
 {¶ 8} The statute further provides:
"(F) As used in this section and sections 2919.251 [2919.25.1] and 2919.26 of the Revised Code: (1) `Family or household member' means any of the following: (a) Any of the following who is residing or has resided with the offender:
A spouse, a person living as a spouse, or a former spouse of the offender;
* * * (b) The natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent. (2) `Person living as a spouse' means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question."
 {¶ 9} At trial, Gibson testified that he and Ms. Davis have a child together. Never denying paternity, Gibson admits: "[w]e slipped up and had a baby together." Tr. 88. Ms. Davis qualifies as "family or household member" as defined in R.C.2919.25(F)(1)(b). Any argument regarding any additional "cohabitation," however brief, is therefore misplaced.
 {¶ 10} In claiming both insufficiency of the evidence and that his conviction of domestic violence was against the manifest weight of the evidence, Gibson makes no argument other than to dispute the State's proof of his alleged cohabitation with Ms. Davis. Since we have rejected this argument, we find that both of Gibson's assignments of error lack merit.
 {¶ 11} The ruling of the trial court is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J. And Diane Karpinski, J., concur.